IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ADOLPH MENJIVAR,<br>　　　　Petitioner,<br><br>v.<br><br>LORIE DAVIS,<br>Director, TDCJ-CID,<br>　　　　Respondent. | §<br>§<br>§<br>§　CASE NO. 3:18-CV-2419-D-BK<br>§<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the petition for writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States magistrate judge for a recommended disposition. Upon review of the relevant pleadings and applicable law, the habeas corpus petition should be **DENIED**.

**I. BACKGROUND**

Petitioner Adolph Menjivar was convicted of murder in the 291st Judicial District Court of Dallas County, Texas, in cause number F-1357185-U. Doc. 17-24 at 116-18. The jury assessed his punishment at 65 years' imprisonment. Doc. 17-24 at 116-118. On November 4, 2015, the Fifth Court of Appeals of Texas affirmed Menjivar's conviction. Doc. 17-24 at 53-62. The Texas Court of Criminal Appeals ("TCCA") denied Menjivar's petition for discretionary review, *see Menjivar v. State*, No. PD-1568-15 (Tex. Crim. App. 2016), and on March 28, 2018, the TCCA denied state habeas relief on the findings of the trial court and without a written order or a hearing. *Ex Parte Menjivar*, Case No. WR-88,901-01, Doc. 17-20.

The Court received Menjivar's Section 2254 petition on September 11, 2018, in which he alleges that the trial court erred in instructing the jury on the doctrine of provocation, and that his trial counsel

provided ineffective assistance. Doc. 3. The Government filed a response, arguing that the petition fails on the merits. Doc. 18. Menjivar did not file a reply.

## II. LEGAL STANDARDS

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. When reviewing state proceedings, a federal court does not sit as a super state appellate court. *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986). A person seeking federal habeas corpus review must assert the violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).

Federal habeas corpus relief for state prisoners has been further limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The provisions of Section 2254(d) provide that an application for a writ of habeas corpus shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000); see *Childress v. Johnson*, 103 F.3d 1221, 1224-25 (5th Cir. 1997). To obtain habeas corpus relief from a federal court, a state prisoner must show that that there was no reasonable basis for the state court to deny relief. *Harrington v. Richter*, 562 U.S. 86, 98 (2011).

On habeas review, a federal district court must be deferential to any state court findings that are supported by the record. *Pondexter v. Dretke*, 346 F.3d 142, 149-152 (5th Cir. 2003). A state court's

factual findings "shall be presumed to be correct" unless petitioner carries "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness also applies to unarticulated findings that are necessary to the state court's conclusions of mixed law and fact. *Valdez v. Cockrell*, 274 F.3d 941, 948 n. 11 (5th Cir. 2001).

Finally, a state application that is denied without written order by the Texas Court of Criminal Appeals is an adjudication on the merits. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *see also Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (a "denial" signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits).

### III. TRIAL COURT ERROR

Menjivar alleges that the trial court erred in instructing the jury on the doctrine of provocation. He claims that there was insufficient evidence of provocation presented at trial to warrant the instruction. Menjivar's claim lacks merit.

On direct appeal, the Fifth Court of Appeals of Texas explained the jury instruction on provocation:

> Menjivar admitted that he stabbed Fernando, but claimed he acted in self-defense. A person commits murder when he intentionally or knowingly causes the death of an individual. *See* TEX. PENAL CODE ANN.§ 19.02(b)(l) (West 2011). Under certain circumstances, however, self-defense justifies the use of deadly force. *Morales v State*; 357 S.W.3d 1, 7 (Tex. Crim. App. 2011).
>
> Nonetheless, self-defense is not justified if the actor provokes the attack. *See* TEX. PENAL CODE ANN. § 9 3l(b)(4) (West 2011); *Smith v State*, 965 S.W.2d 50.9, 512 (Tex. 1998). An instruction on provocation, in response to a defendant's claim of self-defense, is appropriate when there is sufficient evidence (1) that the defendant did some act or used some words which provoked the attack on him, (2) that such act or words were reasonably calculated to provoke the attack, and (3) that the act was done or the words were used for the purpose and with the intent that the defendant would have a pretext for inflicting harm on the other. *Id*. at 513. Each of the three elements may be proved circumstantially. *Id*. at 515, 517-18. A provocation instruction should be submitted to the jury only "when there is evidence from which a rational jury could find every element of provocation beyond a reasonable doubt." *Id*. at 514. In making this determination, we view the

3

>  evidence in the light most favorable to giving the instruction. *See Id.*; *Mendoza v. State*, 349 S.W.3d 273,279 (Tex. App.-Dallas 2011, pet. ref'd).

Doc. 17-24 at 60. At trial, numerous witnesses testified that after an initial altercation, Menjivar and the victim separated and each drove away, but that Menjivar returned and repeatedly stabbed the victim while the victim was sitting in the passenger seat of a vehicle. *See* Doc. 17-5 at 131-33; 158-59; Doc. 17-6 at 31-32. Menjivar also testified that after getting back into his car, he again got out, ran to the victim's car, and fatally stabbed the victim. Doc. 17-9 at 218-225; 258-59. Additionally, at trial, video evidence collaborated the testimony that Menjivar and the victim had separated and were in separate cars when Menjivar returned and stabbed the victim. Doc. 17-9 at 218-225; Doc. 17-5 at 135-39.

Based on the evidence presented at trial, Petitioner cannot show that the trial court's jury instruction on provocation caused Menjivar "prejudice of a constitutional magnitude." *Galvan v. Cockrell*, 293 F.3d 760, 764-65 (5th Cir. 2002) ("Improper jury instructions . . . do not generally form the basis for federal habeas relief." The proper inquiry is whether "there was prejudice of constitutional magnitude.").

Furthermore, Menjivar raised this claim in his state habeas application, *see* Doc. 17-24 at 9-10, which the TCCA denied, *see* Doc. 17-20. Menjivar fails to show the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly-established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *See Williams*, 529 U.S. at 402-03; *Childress*, 103 F.3d at 1224-25.

As such, Menjivar has failed to show that there was no reasonable basis for the state court to deny relief. *See Richter*, 562 U.S. at 98. Thus, his claim fails.

**IV.  STATE APPELLATE COURT ERROR**

Menjivar asserts that in rendering its judgment, the Fifth Court of Appeals of Texas "assumed the incident in question was two instances when in fact it was one[,] causing them to evaluate said claim in a text that was not correct." Doc. 3 at 7.  He provides no support for this vague claim.  "Although pro se habeas petitions must be construed liberally, 'mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'" *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (quoting *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)); *see Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).  Furthermore, because Menjivar does not raise a federal claim by this allegation, relief is unavailable.  *McGuire*, 502 U.S. at 67-68; *West*, 92 F.3d at 1404.

**V.  INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM**

Menjivar alleges his trial counsel provided ineffective assistance by: (1) failing to discuss the case with him or interview him prior to trial; (2) failing to prepare a defense strategy; (3) failing to investigate Menjivar's history of chemical dependence and mental health issues; (4) allowing Menjivar to be questioned by police while in the hospital and under the influence of narcotics; (5) failing to attempt to suppress evidence gained by the police in the hospital interview; and (6) failing to interview "adverse or hostile" witnesses before trial.

To establish ineffective assistance of trial counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To establish deficient performance, a petitioner must show that his attorney's actions "fell below an objective standard of reasonableness." *Id.* at 688.  In evaluating an attorney's performance, there is a "strong presumption that counsel's conduct falls within the wide range

5

of reasonable professional assistance," or that, "under the circumstances, the challenged action might be considered sound trial strategy." *Id*. at 689.

Under *Strickland*'s prejudice prong, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome, and the petitioner must "affirmatively prove, not just allege, prejudice. *Id.* at 693-4. If the petitioner fails to demonstrate prejudice, the court need not address the question of counsel's performance (and vice versa). *Id.* at 691. Additionally, "[t]he likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112.

Finally, the Court reviews claims of ineffective assistance of counsel under a "doubly deferential" standard, taking "a 'highly deferential' look at counsel's performance, [under *Strickland*, 466 U.S. at 689], through the 'deferential lens of § 2254(d).'" *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011) (quoted cases omitted). In light of the deference accorded by Section 2254(d)(1), "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S. at 101.

For each of Menjivar's six ineffective assistance of counsel claims, he provides only a cursory description and offers no supporting argument or evidence. Doc. 3 at 6, 8. For example, regarding his first two ineffective assistance claims, Menjivar merely states that "counsel, Edward Shoemaker[,] failed to interview and discuss or prepare a defense strategy prior to trial." Doc. 3 at 6. His remaining four ineffective assistance claims are likewise conclusory and unsupported. Moreover, Menjivar does not address *Strickland*'s prejudice requirement at all, *see* Doc. 3 at 6, 8; and wholly fails in his burden to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

That notwithstanding, Menjivar's trial counsel provided an affidavit in the state habeas proceedings that refutes Menjivar's claims. He avers:

> Applicant contends that trial counsel was ineffective, stating in allegation one (1) that counsel failed to interview the Applicant or discuss the case with him. Please see attached portion of the trial transcript where the applicant acknowledges that counsel met with him approximately 20-30 times to discuss the case and strategy.
>
> * * *
>
> Claim number two (2) states that counsel failed to prepare a defensive strategy. The Respondent would state that the transcript shows that from the beginning to end, the trial strategy was self defense. The charge included self defense, and in argument counsel argued for self defense.
>
> * * *
>
> Claim number three (3) states that counsel failed to investigate the Applicant's history of chemical dependency and mental illness. As to chemical dependency, the only things I recall being disclosed by the Applicant, was regarding his alcohol consumption prior to the event and prescription drugs being in his system after the event.
>
> Furthermore, as to the mental illness claim, I do not to the best of my recollection have any memory of any discussion, in the 20-30 that we had, about any mental illness on his behalf. There was never in my mind any doubt about his competency. Over the years I have had many clients evaluated by Doctor's [sic], both used by the County, and private practice, when the need might arise. I have assisted numerous clients in admission into the Atlas program, and currently referred many clients to the Mental Health unit of the District Attorney's Office. I say these things in only in the sense that I routinely inquire into this topic, and if there were issues discovered or disclosed, I would have pursued them further.
>
> * * *
>
> Mr. Menjivar states that counsel failed to show that Applicant was questioned by detectives while in the hospital, after surgery, and while under the influence of narcotics. Counsel was aware of this, prepared a motion for the appointment of an expert in forensic- toxicology. That motion was granted[,] and Dr. Gary Wimbish was appointed, investigated the case, and testified at trial, as to the effects of prescription narcotics in Mr. Menjivar at the time he was interviewed by the Dallas Police. A pre-trial motion to suppress was heard, and denied by Judge Balido, in

> an effort to have the statements suppressed because of Mr. Menjivar being under the influence of medications, post surgery.[1]
>
> * * *
>
> The Applicant states that counsel failed to interview adverse or hostile witnesses prior to trial. This allegation is true. The entire offense was on video tape and after a thorough investigation, including a reading of all witness accounts, counsel had a firm grasp on the facts of the case. I did not feel as though interviewing witnesses, who were with the deceased, would be fruitful, based in [sic] a reading of their account of the incident.

Doc. 17-23 at 11-13.

The state habeas court denied Menjivar's ineffective assistance of counsel claims when it denied Menjivar's state habeas writ. *See* Doc. 17-24 at 11; Doc. 17-20. And because Menjivar has failed to show that the state habeas court's conclusion on these claims amounts "to an unreasonable application of *Strickland* or an unreasonable determination of the evidence," *Garza v. Stephens*, 738 F.3d 669, 680 (5th Cir. 2013) (citing 28 U.S.C. § 2254(d)(1)-(2)), Menjivar has failed to show that his Sixth Amendment right to effective counsel was violated. Consequently, he also has failed to show there was no reasonable basis for the state court to deny relief. *See Richter*, 562 U.S. at 98.

### V. CONCLUSION

Menjivar failed to demonstrate that the state court's decision rejecting his claims for ineffective assistance of counsel was an unreasonable application of clearly established federal law or unreasonable in light of the evidence. 28 U.S.C. § 2254(d). Accordingly, Menjivar's petition for writ of habeas

---

[1] The Court also notes that Menjivar was questioned by police while in the hospital on June 24, 2013, *see* doc. 17-5 at 8-9, 17, but he was not appointed counsel until July 1, 2013. Doc. 17-2 at 15.

corpus should be **DENIED**, and this case should be **DISMISSED WITH PREJUDICE**.

    **SO RECOMMENDED** on November 7, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).